UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ORAL ANTHONY LYNCH,

    Petitioner,

v.     Case No: 2:13-cv-84-FtM-29CM

STUART K. WHIDDON, Sheriff, MARC J. MOORE, Director of the Southern District Field Office, ERIC HOLDER, Attorney General, JANET NAPOLITANO, Secretary of The Department of Homeland Security, and ANTHONY AIELLO, Asst. Field Office Director,

    Respondents.[1]

## ORDER OF DISMISSAL

This matter comes before the Court upon review of Respondent's Response (Doc. #6, Response) and supporting exhibits (Doc. #6-1-#6-12), and Respondent's supplemental Response incorporating a

---

[1] Petitioner named several Respondents. See Petition at 1. As Respondent notes, Rule 2(a) of the Rules Governing Section 2254 Cases in United States District Courts, which also applies to cases filed under § 2241, provides that applicants in "present custody" seeking habeas relief should name "the state officer having custody of the applicant as respondent." The Supreme Court has made clear that there "is generally only one proper respondent to a given prisoner's habeas petition." Rumsfield v. Padilla, 542 U.S. 426, 435 (2004). This is "'the person with the ability to produce the prisoner's body before the habeas court.'" Id. at 435-436. In this case, the proper Respondent is Sheriff Whiddon because he was Petitioner's immediate custodian. All other named Respondents will be dismissed from this action.

motion to dismiss the Petition as moot due to Petitioner's deportation and supporting exhibits (Doc. #10, Supp. Response) and supporting exhibit consisting of the warrant of removal/deportation (Doc. #10-1, Exh. A.) Petitioner has not filed a reply to the Supplemental Response, likely as a result of his deportation from the United States. See docket. This matter is ripe for review.

## I.

Petitioner Oral Anthony Lynch, a citizen of Jamaica, filed a *pro se* 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus (Doc. #1, Petition), while detained at the Glades County Jail, on February 8, 2013. Petitioner challenges his mandatory detention pursuant to 8 U.S.C. § 1226(c).[2] Petitioner, *inter alia*, submits that he was not immediately taken into ICE custody after completion of his criminal sentence; that he is not subject to § 1226(c); and, that he is entitled to an individualized bond hearing. Petition at 1-3. As relief, Petitioner seeks an individualized

---

[2]The Court recognizes that on January 28, 2015, Congress proposed amendments to 8 U.S.C. § 1226. One of those amendments removes subsection (e) of § 1226, entitled "Judicial Review." This subsection tried to limit judicial review of the Attorney General's discretionary judgment regarding the application of this statute. Nevertheless, the United States Supreme Court recognized in Demore v. United States, that subsection (e) does not deprive the federal courts of jurisdiction when a petitioner challenges the constitutionality of his/her detention under § 1226(c). Demore, 538 U.S. 510, 517 (2003).

bond hearing and any other relief deemed appropriate by the Court. Id. at 5.

Pursuant to the Court's order, Respondent filed a Response opposing the Petition and attached supporting exhibits including in pertinent part: the "record of deportable/inadmissible alien" form dated July 16, 2012 (Doc. #6-1); records of criminal convictions arising in Broward County, Florida (Doc. #6-2); the "Notice to Appear" (Doc. #6-3); order from Immigration Judge finding removability dated April 10, 2012 (Doc. #6-4); the "Warrant of Removal/Deportation" form dated June 20, 2012 (Doc. #6-5); Petitioner's detention history log (Doc. #6-6); pleadings filed by Petitioner's counsel during the immigration proceedings (Doc. #6-7, #6-9, #6-11); a Declaration from the Immigration Court Administrator Custodian of Records (Doc. #6-8); order from Immigration Judge mandating Petitioner's detention pending deportation proceedings dated August 28, 2012 (Doc. #6-10);.

Respondent files a Response opposing the Petitioner in its entirety. See Response. Respondent contends that Petitioner's detention under 1226(c) is lawful because he is a criminal alien with pending removal proceedings and the Supreme Court upheld such detention pending removal proceedings. Response at 1-2. Respondent further argues that to the extent Petitioner challenges the length of time he has been detained pending removal, Petitioner contributed to the delay because he continues to request

adjournments that have prolonged his case. Id. at 2. Finally, to the extent Petitioner requests that the Court enjoin his removal proceedings, Respondent contends that the Court lacks jurisdiction to do such. Id.

During the course of the instant proceedings, the Immigration Judge ultimately issued an order of removal and Petitioner was removed from the United States. Supp. Response at 1; see also Exh. A. Accordingly, Respondent moves to dismiss the Petition as moot. See generally Supp. Response at 1-2 (citing Hernandez v. Wainwright, 796 F.2f 389, 390 (11th Cir. 1986); Suarez-Tejeda v. United States, 85 F. App'x 711, 715 (10th Cir. 2004); Picrin-Peron v. Rison, 930 F.2d 773, 776 (9th Cir. 1991)). Respondent argues that this case is controlled by Hernandez; and therefore this Court should dismiss the Petition as moot. Supp. Response at 2.

**II.**

The uncontested factual history set forth in Respondent's Response is as follows: Petitioner, a native and citizen from Jamaica, was admitted into the United States on August 31, 1991, as a lawful permanent resident. Response at 2. Petitioner came to ICE's attention after he was convicted on November 2, 2003 in Broward County, Florida, of possession with the intent to sell cannabis in violation of Florida Statutes §§ 893.03(1)(c) and 893.13(1)(1)(2). Id. Petitioner was sentenced to two years' probation. Id.

On December 15, 2011, Petitioner was served with a Notice to Appeal ("NTA"), charging him with removability under § 237(a)(2)(B)(i) of the Immigration and Nationality Act ("INA") [8 U.S.C. § 1227(a)(2)(B)(i)] for having been convicted of a controlled substance violation. Id. at 3.

On April 10, 2012, Petitioner failed to appear before the Immigration Court in Miami. The Immigration Judge issued an *in absentia* order of removal. Id. That same day, ICE issued an warrant of removal for Petitioner's apprehension and removal from the United States. Id.

Petitioner was eventually encountered by ICE at his home and taken into ICE custody on July 16, 2012. Petitioner was detained at the Glades County Detention Center, an ICE contract detention facility. Id.

After ICE detained Petitioner to process him for removal, Petitioner moved to reopen his immigration case, alleging that he never received notice of the April 2012 hearing before the Immigration Court in Miami. Id. Removal proceedings were reopened, and on October 5, 2012, his case was transferred from the Immigration Court's non-detained docket in Miami to the Immigration Court's detained docket at the Krome Service Processing Center ("Krome"). Id.

On August 23, 2012, Petitioner filed a motion for a bond hearing before the Immigration Judge. Id. On August 28, 2012,

the Immigration Judge entered an order finding Petitioner subject to mandatory detention. Id. at 3-4. Petitioner appealed the order to the Board of Immigration Appeals, and as a result the Immigration Judge issued a written decision on October 2, 2012, for appellate review, which explained why Petitioner's motion for bond had been denied. Id. The Immigration Judge reasoned that based on Petitioner's admission that he had been convicted of possession of cannabis, Petitioner was removable under § 237(a)(2)(B) of the INA and subject to mandatory detention under § 236(c) of the INA. In the interim, the Board considered Petitioner's appeal, and dismissed it on December 6, 2012.

On February 8, 2013, Petitioner filed the instant habeas Petition. Id. On May 31, 2013, the United States Immigration and Naturalization Service released Petitioner from custody and removed him to his native country of Jamaica. Supp. Response at 1.

**III.**

Petitioner does not contest that his criminal convictions subjected him to deportation under the INA". See Petition. Thus, Moncrieffe v. Holder, ___ U.S. ___, 133 S. Ct. 1678 (2013) is not applicable here. Id. (holding that if a non-citizen's conviction for a marijuana offense fails to establish that the offense involved either remuneration or more than a small amount of marijuana, it is not an aggravated felony under the INA). Nor, does the Petition challenge Petitioner's removal proceedings. See

Lopez v. Gonzales, 549 U.S. 47 (2006) (finding that removal of an alien from the United States will not moot a challenge to the removal proceeding). In May 2013, Petitioner was removed from the United States. Supp. Response at 1-2; Exh. A.

"Article III of the Constitution restricts the power of federal courts to 'Cases' and 'Controversies.'" Chafin v. Chafin, 133 S. Ct. 1017, 1023 (2013). This case or controversy requirement must be present through all stages of federal judicial proceedings. Id. A case "becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." Knox v. Serv. Emps., ____ U.S. ___, 132 S. Ct. 2277, 2287 (2012) (internal quotation marks omitted). Where a habeas petitioner who was protesting his detention is no longer in custody, the dispute with regard to his detention is deemed moot. Spencer v. Kemna, 523 U.S. 1, 7-8 (1998) (discussing "in custody" requirement of 28 U.S.C. § 2254).

In this case, it is undisputed that Petitioner has left the United States. See Supp. Response at 1-2; Exh. A. To the extent Petitioner sought an individualized bond hearing, and/or release from his confinement pending deportation, the Court can no longer give Petitioner any meaningful relief. Soliman v. United States, 296 F.3d 1237, 124243 (11th Cir. 2002) (dismissing as moot an appeal of a § 2241 petition seeking release form a lengthy detention pending removal because the alien had been returned to

his native country). Since Petitioner has already departed the United States, it is impossible for the court to grant any effective relief, and therefore the case is moot.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Respondents Marc Moore, Anthony Aiello, Eric Holder, and Janet Napolitano, are **DISMISSED**.

2. Respondent's Supplemental Response incorporation a motion to dismiss (Doc. #10) is **GRANTED**. The Petition is **dismissed without prejudice as moot**.

3. The Clerk of Court shall terminate any pending motions, enter judgment accordingly, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on this __16th__ day of October, 2015.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: ftmp-1
Copies: All Parties of Record